FILED
CLERK
3/27/2015 3:25 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DR. AZIR S. IZMIRLIGIL,

                    Plaintiff,

-against-

THOMAS F. WHELAN, Individually and in his
Official Capacity as Justice of the State of New York,
Supreme Court of Suffolk County,

                    Defendant.
----------------------------------------------------------------X

**OPINION AND ORDER**
**14-CV-3309 (SJF)**

FEUERSTEIN, District Judge.

Defendant, the Honorable Thomas F. Whelan, Supreme Court, State of New York ("Judge Whelan"), has moved to dismiss plaintiff's ("Izmirligil") complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) and (6). For the foregoing reasons, the motion is **GRANTED** and the complaint is dismissed.

**I.    Background**

Plaintiff resides in Suffolk County and is the defendant in a pending mortgage foreclosure action[1] filed in the Supreme Court, Suffolk County, New York by the Bank of New York Mellon ("BNYM") and assigned to Judge Whelan. Compl. ¶¶ 1, 7.

By order dated July 16, 2010 ("July 2010 order"), Judge Whelan determined that Izmirligil had failed to timely appear in the action and that Izmirligil had not established a meritorious excuse in seeking to vacate the default judgment against him. July 2010 order pp. 1-2. On February 10, 2011, New York's Appellate Division, Second Department, denied Izmirligil's motion for a stay pending appeal and, on October 25, 2011, affirmed the July 2010

---

[1] The state court case is filed under index number 47361/2009.

order.[2]

On November 16, 2011, Izmirligil filed an action in this Court against, *inter alia*, NYBM, assigned to the Honorable Leonard D. Wexler, alleging: (1) wrongful foreclosure; (2) deceptive accounting; (3) deceptive practices in the loan origination, abusive lending practices; and (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., for unfair debt collection practices, which was dismissed in its entirety.[3] Mem. in Supp. pp. 2-3.

In the state court action, BNYM moved for an order relieving it of the duty to comply with affirmation requirements imposed, by Administrative Order, upon counsel in residential mortgage foreclosure actions. According to an order dated January 28, 2014 ("January 2014 order"), Izmirligil's opposition to BNYM's motion alleged that banks, and BNYM, had perpetrated a fraud upon the court by: (1) "robo-signing" documents prepared for foreclosure filings in New York; (2) falsely swearing to facts; and (3) submitting fabricated, improperly prepared notarized documents. Izmirligil argued that such conduct related to the issue of BNYM's standing to prosecute the foreclosure against his property. Judge Whelan held that Izmirligil had waived the standing defense due to his failure to raise it by a timely appearance or to successfully vacate the default judgment. Izmirligil also argued that the foreclosure action was wrongful and fraudulent and that the affirmation requirements should be upheld. Judge Whelan rejected Izmirligil's contentions and granted BNYM's motion in part.

---

[2] *See Bank of N.Y. Mellon v. Izmirligil*, 931 N.Y.S.2d 667 (N.Y. App. Div. 2011).

[3] Judge Wexler dismissed the FDCPA claim on the ground neither the foreclosure summons nor complaint issued by BNYM constituted an "initial communication" under the statute and, moreover, the complaint failed to allege that BNYM was a debt collector. *See Izmirligil v. Bank of New York Mellon*, 11-cv-5591, at p. 8 (E.D.N.Y. Apr. 2, 2013). The court declined to exercise supplemental jurisdiction over the state law claims.

Izmirligil's present complaint alleges that Judge Whelan violated his rights and seeks: (1) a declaration that Judge Whelan's January 2014 order violates the due process and equal protection clauses of the Fourteenth Amendment; and (2) to enjoin the January 2014 order from "unreasonably burdening" his Fourteenth Amendment rights or otherwise discriminating against him on the basis of his national origin or religion. Compl. p. 29.

## II. Discussion

### A. Legal Standard for Dismiss for Lack of Subject Matter Jurisdiction

Pursuant to Article III, § 2 of the United States Constitution, the jurisdiction of the federal courts is limited to "Cases" and "Controversies," which "restricts the authority of the federal courts to resolving 'the legal rights of litigants in actual controversies.' " *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)). Thus, federal courts require that a party have a legally cognizable interest in a case's outcome to "ensure[] that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Id.*

Where there is no case or controversy, FRCP 12(b)(1) provides that a party may move to dismiss a case for lack of subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). In order to survive a defendant's motion to dismiss for lack of subject matter jurisdiction, a plaintiff must allege facts "that affirmatively and plausibly suggest that it has

standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). In deciding such a motion, the Court may consider materials beyond the pleadings, *Makarova*, 201 F.3d at 113, and must "accept as true all material factual allegations in the complaint," *Atl. Mut. Ins. Co. v. Balfour MacLaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992).

**B.     Defendant's Motion To Dismiss**

   **1.     Official Capacity Claims**

   ***a.     Official Capacity Claims Seeking Retroactive Relief are Barred by the Eleventh Amendment***

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "Sovereign immunity as guaranteed by the Eleventh Amendment . . . bars suits for damages in federal court against states, state agencies and state officials acting in their official capacity, absent the state's waiver of Eleventh Amendment immunity, *see Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.,* 466 F.3d 232, 236 (2d Cir.2006), or Congressional abrogation of that immunity by an unequivocal and valid exercise of its power under section 5 of the Fourteenth Amendment, *see Tennessee v. Lane,* 541 U.S. 509, 517–18 (2004)." *New York State Court Clerks Ass'n v. Unified Court System of the State of New York*, 25 F. Supp. 3d 459, 465 (S.D.N.Y. 2014). Thus, "a suit for damages against a state official in his or her official capacity "is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state.' " *JTE Enters., Inc. v. Cuomo*, 2 F. Supp. 3d 333, 340 (E.D.N.Y. 2014) (quoting *Ying Jing Gan v. City of New York*,

996 F.2d 522, 529 (2d Cir. 1993)). "However, 'the applicability of the Eleventh Amendment bar [to suits against individuals in their official capacities] depends on the form of relief sought.' " *Id.* (quoting *Lee v. Dep't of Children & Families*, 939 F. Supp. 2d 160, 165-66 (D. Conn. 2013)).

Lawsuits naming state officials in their official capacities and seeking money damages are barred by the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."); *Goonewardena v. New York*, 475 F. Supp. 2d 310, 329 (S.D.N.Y. 2007) ("[S]overeign immunity also extends to bar claims for monetary damages brought against state officers sued under section 1983 in their official capacities.").

As to claims for declaratory judgments and/or injunctive relief, requests for " 'judgments against state officers declaring that they violated federal law in the past' " are barred. *JTE Enters., Inc.*, 2 F. Supp. 3d at 340 (quoting *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993)).

Insofar as Izmirligil seeks a declaration that the January 2014 order violates his constitutional rights, he seeks retroactive relief that is barred by the Eleventh Amendment.

    b.    *Official Capacity Claims for Prospective Injunctive Relief*

For claims seeking prospective relief, the doctrine of *Ex parte Young* is a "limited exception to the general principle of sovereign immunity and allows 'a suit [for injunctive relief] challenging the constitutionality of a state official's actions in enforcing state law' under the theory that such a suit is not 'one against the State,' and therefore not barred by the Eleventh

Amendment." *CSX Transp., Inc. v. New York State Office of Real Prop. Servs.*, 306 F.3d 87, 98 (2d Cir. 2002) (quoting *Ex parte Young*, 209 U.S. 123, 140 (1908)). " 'In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.' " *Id.* (quoting *Verizon Md., Inc. v. Public Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002)).

The January 2014 order waives BNYM's compliance with certain attorney affirmation requirements in connection with the pending foreclosure proceedings. The complaint contains only bare, conclusory allegations that the waiver interferes or will interfere with Izmirligil's due process and equal protection rights and that it discriminates against him based upon his national origin or religion and fails to allege a plausible ongoing violation of federal law and, consequently, the *Ex parte Young* exception does not apply.

Accordingly, the motion to dismiss the official capacity claims for lack of jurisdiction is granted and the requests for declarative and injunctive relief are dismissed.

### 2. Individual Capacity Claims

Insofar as Izmirligil's complaint also names Judge Whelan in his individual capacity, the "doctrine of judicial immunity has been an established principle in our jurisprudence since *Bradley v. Fisher*, 80 U.S. 335 (1871)," where the Court held that 'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.' " *Anonymous v. Kaye*, 987 F. Supp. 131, 135 (N.D.N.Y. 1997) (quoting *Bradley*, 80 U.S. at 351).

"The policies underlying the grant of absolute judicial immunity—enabling judges and prosecutors to decide and prosecute cases without fear of adverse consequences and baseless suits—are implicated when an official performs a discretionary, adjudicatory function." *Roe v. Johnson*, 334 F. Supp. 2d 415, 423 (S.D.N.Y. 2004) (quoting *Montero v. Travis*, 171 F.3d 757, 760-61 (2d Cir. 1999)).

Based upon the foregoing, any claims against Judge Whelan in his individual capacity are dismissed.

### III. Conclusion

For the foregoing reasons, defendant's motion to dismiss pursuant to FRCP 12(b)(1) is **GRANTED** and Izmirligil's complaint is dismissed with prejudice. The Clerk of the Court shall close this case.

**SO ORDERED**.

Dated: March 27, 2015
       Central Islip, New York

/s/
Sandra J. Feuerstein, U.S.D.J.