FILED
CLERK
8/25/2015 3:53 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DR. ARIF S. IZMIRLIGIL,

                        Plaintiff,

  -against-

THOMAS F. WHELAN, Individually and in his
Official Capacity as Justice of the State of New York,
Supreme Court of Suffolk County,

                       Defendant.
------------------------------------------------------------------X

**OPINION AND ORDER
14-CV-3309 (SJF)**

FEUERSTEIN, District Judge.

      Plaintiff, *pro se,* Arif S. Izmirligil has moved for reconsideration of this Court's Opinion and Order dated March 27, 2015 (DE 21), which dismissed his case against defendant, the Honorable Thomas F. Whelan, Suffolk County Supreme Court, New York, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) for lack of subject matter jurisdiction. Plaintiff seeks reconsideration based upon: FRCP 52(a)(5) and (b); 59(a)(2); and 60(a) and (b)(2). For the following reasons, plaintiff's motion for reconsideration is **GRANTED** with respect to FRCP 60(a) and is **DENIED** in all other respects.

      **Legal Standard for Reconsideration**

      "Motions for reconsideration are governed by Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, which states: Unless otherwise provided by statute or rule . . . a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." *Jackson v. Killian*, No. 08

Civ. 4386, 2010 WL 2103646, at *1 (S.D.N.Y. May 25, 2010).

"Reconsideration of a previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Mallet v. Miller*, 438 F. Supp. 2d 276, 277 (S.D.N.Y. 2006) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *See Mallet*, 438 F. Supp. 2d at 277 ("A motion for reconsideration under Local Rule 6.3 must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision."). Local Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). Thus, a court "must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment." *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

**Plaintiff's Motion for Reconsideration**

*FRCP 52(a)(5)*

Federal Rule of Civil Procedure 52(a)(5) provides, with respect to a court's findings and

conclusions, that "[a] party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings." This rule, however, applies to findings made by a court in "an action tried on the facts without a jury or with an advisory jury," *id.* at 52(a)(1), which this case was not. Moreover, pursuant to Rule 52(a)(3), the "court is not required to state findings or conclusions when ruling on a motion [brought] under [FRCP] 12," as defendant's motion was. Accordingly, this rule does not apply and reconsideration on this ground is denied.

### *FRCP 52(b)*

Rule 52(b) provides: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." As stated above, there was no trial in this case and the Court issued no findings of fact or conclusions. Accordingly, this rule does not apply and reconsideration is denied.

### *FRCP 59(a)(2)*

Rule 59(a)(2) provides for further action after a jury trial: "After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." For the reasons stated above, this rule does not apply to this case.

### *FRCP 60(a)*

Pursuant to FRCP 60(a): "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. . . ." This rule

conclusions, that "[a] party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings." This rule, however, applies to findings made by a court in "an action tried on the facts without a jury or with an advisory jury," *id.* at 52(a)(1), which this case was not. Moreover, pursuant to Rule 52(a)(3), the "court is not required to state findings or conclusions when ruling on a motion [brought] under [FRCP] 12," as defendant's motion was. Accordingly, this rule does not apply and reconsideration on this ground is denied.

### *FRCP 52(b)*

Rule 52(b) provides: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." As stated above, there was no trial in this case and the Court issued no findings of fact or conclusions. Accordingly, this rule does not apply and reconsideration is denied.

### *FRCP 59(a)(2)*

Rule 59(a)(2) provides for further action after a jury trial: "After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." For the reasons stated above, this rule does not apply to this case.

### *FRCP 60(a)*

Pursuant to FRCP 60(a): "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. . . ." This rule

"contemplates the correction of *clerical* errors in order that the Court's judgment may reflect the Court's intentions." *Heath v. Warner Commc'n, Inc.*, No. 85 Civ. 1269, 1989 WL 146795, at *1 (S.D.N.Y. Nov. 29, 1989). "[S]uch mistakes need not be made by a clerk, they must be *mechanical* in nature, apparent from the record and not involve an error of substantive judgment." *Id.*

Plaintiff requests that the caption in the Order be corrected to reflect the proper spelling of his first name, i.e., Arif, not Azir. Because the Order dismissing this case and the final judgment should reflect the plaintiff's proper name, plaintiff's motion for reconsideration pursuant to FRCP 60(a) is granted. Accordingly, an Amended Opinion and Order changing the caption from AZIR to ARIF shall issue separately and upon its filing, the Clerk of the Court shall issue an Amended Judgment, which shall be amended only to the extent that the caption is changed to reflect plaintiff's proper name as ARIF, not AZIR.

### FRCP 60(b)(2)

Rule 60(b)(2) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

Plaintiff alleges that "Judge Whelan's SHORT ORDER FORM and NOTICE OF ENTRY recently became available on May 12, 201[5] after the District Court's March 27, 2015 Opinion," and argues that this evidence was unavailable and would have changed the outcome of the Court's Order. DE 25, Reply Mem. p. 5. He contends that the Court relied upon the state court's previous orders, which granted the plaintiff in that case a default judgment against Izmirligil in a

foreclosure action and that the May 12, 2015 order denied the default.[1]  Thus, according to plaintiff, the state court committed perjury and misled this Court by issuing two (2) contrary declarations.  In granting defendant's motion to dismiss, however, the Court's Order did not rely upon the state court's orders in the foreclosure action.  Rather, plaintiff's case was dismissed as barred by the Eleventh Amendment and pursuant to the doctrine of judicial immunity.  Accordingly, plaintiff has not demonstrated that the newly discovered evidence is relevant to his case and his motion for reconsideration on this ground is denied.

**Conclusion**

For the foregoing reasons, plaintiff's motion for reconsideration is **GRANTED** as to his request to correct his name in the Order's caption from AZIR to ARIF and the motion is **DENIED** in all other respects.  An Amended Opinion and Order reflecting the change in the caption shall be issued separately and, thereafter, the Clerk of the Court shall issue an Amended Judgment which conforms to the caption in the Amended Opinion and Order.

**SO ORDERED**.

Dated: August 25, 2015
   Central Islip, New York

                                                                  /s/
                                                      Sandra J. Feuerstein, U.S.D.J.

---

[1] The Court could not locate a copy of the alleged May 12, 2015 state court order within plaintiff's exhibits, however, according to the portion of the May 12 decision cited by plaintiff, the order holds that no default judgment of foreclosure was obtained due to procedural errors on the part of the plaintiff in the state case.